**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:17-cv-61536-UU

CARLOS BENDAYAN, *et al.*,

    Plaintiffs,

v.

DYMANIC INTERNATIONAL AIRWAYS, LLC, *et al.*,

    Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon a *sua sponte* examination of the record.

THE COURT has considered the pertinent portions of the record, and is otherwise fully advised in the premises.

On August 3, 2017, Defendant Dynamic International Airways, LLC, filed a Suggestion of Bankruptcy and Notice of Stay of Proceedings. D.E. 3. On August 4, the Court stayed the case as to Defendant Dynamic International Airways, LLC. D.E. 6. On that same day, the Court ordered Plaintiffs to inform the Court whether they intended to proceed against Defendant Captain Todd Thielbar alone. D.E. 5. On August 9, Plaintiffs responded that they did so intend. D.E. 7.

Plaintiffs' claims are premised on the Montreal Convention, or in the alternative, the Warsaw Convention. *See* D.E. 1-2. These conventions permit claims only against carriers. *See* Convention for Int'l Carriage by Air, S. Treaty Doc. No. 106-45, Ch. III, Art. 17 (May 28, 1999); *see also Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1364 (S.D. Fla. 2008) ("[T]he

Montreal Convention only governs carriers. . . . because the County is not a carrier, it cannot be held liable where an action falls within the Convention's purview.").  Accordingly, it is

ORDERED AND ADJUDGED that Plaintiffs SHALL show good cause in writing by **Friday**, **August 18, 2017**, as to why this case should not be dismissed as to Defendant Captain Todd Thielbar.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf