UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:17-cv-61536 – UU

CARLOS BENDAYAN and LAURA
BENDAYAN,

    Plaintiffs,

vs.

DYNAMIC INTERNATIONAL AIRWAYS, LLC, a
foreign limited liability company, and CAPTAIN
TODD THIELBAR, a Florida resident,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO ORDER [D.E.10], MOTION TO DROP CAPTAIN TODD THIELBAR AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Carlos Bendayan and Laura Bendayan, in accordance with this Court's August 10, 2017 Order [D.E. 10], respectfully state the following as good cause as to why this case should not be dismissed as to Defendant Captain Todd Thielbar. Rather, Plaintiffs respectfully request this Court to enter an order dropping Captain Thielbar.

1. On August 3, 2017, Defendant Dynamic International Airways, LLC ("Dynamic"), filed a Suggestion of Bankruptcy and Notice of Stay of Proceedings. [D.E. 3].

2. On August 4, 2017, the Court stayed the case as to Dynamic. [D.E. 6].

3. On August 4, 2017, the Court ordered Plaintiffs to inform the Court whether they intended to proceed against Defendant Captain Todd Thielbar alone[1]. [D.E. 5].

3. On August 9, 2017 Plaintiffs responded that they did so intend. [D.E. 7].

---

[1] Captain Thielbar has not been served.

PHILLIPS | TADROS, P.A.
212 Southeast 8th Street, Suite 103, Fort Lauderdale, Florida 33316 | (t) 954.642.8885 | (f) 954.252.4621

1

4. On August 10, 2017, the Court ordered the Plaintiffs to show good cause in writing by August 18, 2017 as to why this case should not be dismissed as to Defendant Thielbar. [D.E. 10].

5. In the August 10, 2017 Order [D.E. 10], the Court cited to the Convention for Int'l Carriage by Air, S. Treaty Doc. No. 106-45, Ch. III, Art. 17 (May 28, 1999) and *Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1364 (S.D. Fla. 2008) for the proposition that claims premised on the Montreal or Warsaw Conventions are only permitted against carriers.

6. Upon review and study of the Order [D.E. 10] and additional legal research based on the authorities cited in the Order[2], the Plaintiffs determined that there is no good cause as to why this case should proceed against Captain Thielbar alone; it is now clear that the Plaintiffs misjoined Defendant Captain Todd Thielbar and the causes of action asserted against him in his individual capacity are inappropriate at this time. The Plaintiffs therefore retract their statement that they intend to proceed against him. [D.E. 7].

7. Since Captain Thielbar was misjoined, the Plaintiffs respectfully submit that the appropriate procedure is to drop him as a defendant rather than dismiss the case as to him.

8. Rule 41 governs dismissals of actions as opposed to parties, and Rule 21 governs the dropping of parties who were misjoined.

9. Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

---

[2] *See, e.g., Buchbinder v. American Airlines, Inc.*, 2002 WL 750838 (S.D. Fla. 2002)(King, J.)(holding that recovery for a personal injury in the context of an international flight, if not allowed under the Warsaw Convention, is not available at all, and since the Warsaw Convention provides the exclusive remedy in an action for damages, claims against a non-carrier defendant must fail).

10. While dropping Captain Thielbar as opposed to dismissing the case as to him may largely be a matter of semantics and nomenclature, in an abundance of caution, the Plaintiffs respectfully request the Court to drop Captain Thielbar rather than dismiss the case against him.

WHEREFORE, Plaitniffs Carlos and Laura Bendayan respectfully request this Court to accept this submission as good cause as to why this case should not be dismissed as to Captain Todd Thielbar in response to the Order [D.E. 10], enter an order dropping Captain Thielbar pursuant to Rule 21, and for such other and further relief as is just and proper.

Dated this 18th day of August, 2017.

Respectfully submitted,

/s/
Mac S. Phillips
Florida Bar No. 195413
PHILLIPS | TADROS, P.A.
Counsel for Plaintiffs
212 SE 8th Street, Suite 103
Fort Lauderdale, Florida 33316
t.   954.642.8885
f.   954.252.4621
e.   service@phillipstadros.com
     mphillips@phillipstadros.com

and

/s/
Alfonso J. Perez
Florida Bar No. 220426
RASCO KLOCK PEREZ & NIETO, P.L.
Counsel for the Plaintiffs
2555 Ponce de Leon Boulevard, Suite 600
Coral Gables, Florida 33314
t.   305.476.7100
f.   305.475.7102
e.   aperez@rascoklock.com
     kalfonso@rascoklock.com

PHILLIPS | TADROS, P.A.
212 Southeast 8th Street, Suite 103, Fort Lauderdale, Florida 33316 | (t) 954.642.8885 | (f) 954.252.4621

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic mail this 18th day of August, 2017, upon **J. Thompson Thornton, Esquire,** (tom.thornton@clydeco.us) and **Clayton W. Thornton, Esquire,** (clayton.thornton@clydeco.us and eservice@clydeco.us), Clyde & Co. US LLP, 1221 Brickell Avenue, Suite 1600, Miami, FL 33131.

/s/
Mac S. Phillips

PHILLIPS | TADROS, P.A.
212 Southeast 8th Street, Suite 103, Fort Lauderdale, Florida 33316 | (t) 954.642.8885 | (f) 954.252.4621

4